# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SABRINA CRYER**                                                                    **CIVIL ACTION**

**VERSUS**                                                                            **NO. 23-241-BAJ-RLB**

**RUSSELL L. MADDOX, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 16, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SABRINA CRYER                                          CIVIL ACTION

VERSUS                                                 NO. 23-241-BAJ-RLB

RUSSELL L. MADDOX, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 7). The motion is opposed. (R. Doc. 12).

## I.     Background

On or about January 4, 2023, Sabrina Cryer ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Russell L. Maddox ("Maddox"), Greenway Carriers, LLC ("Greenway"), and National Interstate Insurance Company ("National Interstate") (collectively, "Defendants"). (R. Doc. 1 at 1). The Petition provides that on February 3, 2022, Maddox, who was operating a vehicle owned by Greenway (his employer), collided with the passenger side of the vehicle operated by Plaintiff while attempting to merge lanes. (R. Doc. 1-3 at 2). Plaintiff alleges that, as a result of the collision, she suffered "severe and acute injuries to her neck . . . [and] back," and that her damages include physical pain and suffering, mental pain, anguish, and distress, medical expenses, loss of enjoyment of life, lost wages and loss of earning capacity, and other damages to be proven at trial. (R. Doc. 1-3 at 2-3).

There is no dispute that Plaintiff served the Petition on National Interstate on January 11, 2023, Plaintiff served the Petition on Greenway on January 24, 2023, and Maddox has not been served. (R. Doc. 1 at 1; R. Doc. 7-1 at 1; *see* R. Docs. 1-4, 1-5).

1

Prior to filing the Petition, Plaintiff's counsel sent Defendants medical records indicating evidence of $16,389.90 in past medical expenses, lumbar disc bulges at the L3-4 and L4-5 levels for which she received chiropractic care, hospital care, pain management care, and an epidural steroid injection. (R. Doc. 1 at 3; *see* R. Docs. 1-6, 1-7).

In emails sent on February 28, 2023 and March 1, 2023, Plaintiff's counsel informed defense counsel that Plaintiff was still treating and had received another steroid injection, and provided additional medical records. (R. Doc. 1-8).

On March 28, 2023, Defendants[1] removed this action, asserting the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1 at 3). Defendants assert that there is complete diversity because Plaintiff is a citizen of Louisiana, Maddox is a citizen of Texas, Greenway is a citizen of Texas, and National Interstate is a citizen of Ohio. (R. Doc. 1 at 2). With respect to the amount in controversy requirement, Defendants assert that while the jurisdictional amount was not facially apparent, the medical evidence provided prior to removal indicates that the jurisdictional amount is satisfied because (in addition to the damage claims in the Petition), Plaintiff's "past medical specials exceed $17,000, she has now had two lumbar epidural steroid injections, and she continues to treat." (R. Doc. 1 at 4). Finally, Defendants assert that the removal is timely because the March 1, 2023 email provided additional medical records constituting "other paper" from which it was first ascertained that the action is or has become removable under 28 U.S.C. § 1446(b)(3). (R. Doc. 1 at 4-6).

On April 7, 2023, Plaintiff filed the instant Motion to Remand, arguing that removal was untimely. (R. Doc. 7).

---

[1] Maddox, who has not made an appearance in this action, did not join the removal.

## II.    Arguments of the Parties

In seeking remand, Plaintiff asserts that removal is untimely because removal was not made within 30 days of service of the Petition on Defendants. (R. Doc. 7-1 at 2). Plaintiff asserts that the February 28 and March 1 emails do not constitute "other papers" for the purposes of 28 U.S.C. § 1446(b)(3), and did not otherwise provide any "new information" that made it "unequivocally clear" that the amount in controversy requirement was satisfied. (R. Doc. 7-1 at 3-5). Plaintiff does not otherwise challenge that the amount in controversy requirement is satisfied.

In opposition, Defendants argue that removal was timely and that they have met their burden of establishing that the amount in controversy exceeds $75,000. (R. Doc. 12 at 1-2). Defendants focus their argument on demonstrating that they have proved that the amount in controversy requirement is satisfied given the allegations in the Petition and the medical records submitted with the Notice of Removal. (R. Doc. 12 at 4-7). Defendants then argue that the emails constitute "other papers" for the purposes of 28 U.S.C. § 1446(b)(3), and it was from receipt of these communications that Defendants "first ascertained the case is one which is or has become removable." (R. Doc. 12 at 7-9).

## III.    Law and Analysis

### A.    Diversity Jurisdiction

While Plaintiff seeks remand on the basis of the jurisdictional defect of untimeliness, a federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Abdalmatiyn v. Harrison*, No. 13-1935, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest

3

level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*")); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the record—including the arguments set forth by Defendants in support of a finding that the amount in controversy requirement is satisfied—the Court finds it appropriate to conclude that it lacks diversity jurisdiction over this action.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

4

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

Here, it is not facially apparent that the amount in controversy requirement is satisfied. At most, Plaintiff alleges that, as a result of the collision, she suffered "severe and acute injuries to her neck . . . [and] back," and that her damages include physical pain and suffering, mental pain,

5

anguish, and distress, medical expenses, loss of enjoyment of life, lost wages and loss of earning

capacity, and other damages to be proven at trial. (R. Doc. 1-3 at 2-3). These are boilerplate

damages without any details sufficient to conclude that Plaintiff has allegedly suffered any

specific injuries that would result in the jurisdictional amount being satisfied.

"Courts have routinely held that pleading general categories of damages, such as 'pain

and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without

any indication of the amount of the damages sought, does not provide sufficient information for

the removing defendant to meet his burden of proving that the amount in controversy is satisfied

under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL

278728, at \*3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL

371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La.

Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL

4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D.

La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31,

2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred

and any future problems resulting from the incident, 'the court must conclude that it was not

'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity

Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at \*4 (E.D. La. Dec. 19, 2014) (quoting

*Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at \*2 (E.D. La. Oct. 18,

2000)). Accordingly, the amount in controversy is not facially apparent.

Given that the jurisdictional amount is not facially apparent, the Court will turn to

whether Defendants have demonstrated that the jurisdictional amount is satisfied through

summary judgment-type evidence submitted into the record. At most, Defendants have submitted

medical records supporting a finding that Plaintiff has incurred approximately $17,000 in

medical expenses, has suffered two disc bulges, and has received two lumbar epidural steroid

injections. (*See* R. Doc. 12 at 3; R. Doc. 1 at 3; R. Doc. 1-6; R. Doc. 1-7; R. Doc. 1-8).

Defendants have not directed the Court to any evidence that Plaintiff has suffered any herniated

discs or that there is any recommendation of future invasive surgery. Furthermore, Defendants

have not set forth any evidence of lost wages and earning capacity to support a finding that the

jurisdictional amount is satisfied.

 "[A] general review of quantum cases demonstrates that general damages awards for

multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even

where the plaintiff is actually treated with steroid injections." *Cole v. Mesilla Valley*

*Transportation*, No. 16-841, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017), *report and*

*recommendation adopted*, 2017 WL 1684515 (M.D. La. May 1, 2017) (citing *Clement v.*

*Carbon*, 153 So. 3d 460, 464 (La. App. 5th Cir. 2014) (affirming award of $30,000 in general

damages for bulging disc at C5-6); *Moody v. Cummings*, 37 So. 3d 1054, 1062 (La. App. 4th Cir.

2010) (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and

C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4

years); *Mixter v. Wilson*, 54 So. 3d 1164, 1169 (La. App. 5th Cir. 2010) (increasing award for

general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and

plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, 935 So. 2d

758, 763 (La. App. 2nd Cir. 2006) (affirming general damages award of $25,000 for "chronic

back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the

accident); *DiMaggio v. Williams*, 900 So. 2d 1014, 1019 (La. App. 5th Cir. 2005) (affirming

general damages award of $15,000 for two bulging discs); *Orillac v. Solomon*, 765 So. 2d 1185,

1190 (La. App. 2nd Cir. 2000) (reducing general damages award to $30,000 where MRI revealed minimal bulging of two discs and slight encroachment between vertebra); *but see Locke v. Young*, 973 So. 2d 831, 847 (La. App. 2nd Cir. 2007) (reducing award of $150,000 in general damages award for two bulging discs to $75,000)).

Federal district courts have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and [bilateral] foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with

bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the . . . accident."), *report and recommendation adopted*, 2016 WL 4033981 (M.D. La. July 26, 2016).

Moreover, the district judge in this action recently ordered remand, *sua sponte*, of an action where a cervical MRI revealed a disc herniation, the plaintiff had received an epidural steroid injection, there was no recommendation for surgery, and plaintiff's medical expenses exceeded $17,000. *See Carter v. DG Louisiana, LLC*, No. 21-616-BAJ-EWD, 2022 WL 19039741, at *2 (M.D. La. Dec. 30, 2022), *report and recommendation adopted*, 2023 WL 2531477 (M.D. La. Mar. 15, 2023).

The Court finds the decision in *Carter* to be on point. Here, Defendants have set forth their arguments for a finding that the amount in controversy requirement is satisfied, albeit in the context of addressing the alleged procedural defect of untimeliness. There is no evidence of disc herniation or recommendations for future surgery. Defendants have not set forth any evidence in support of a finding that Plaintiff's alleged lost wages and earning capacity are significant. While the amount of incurred medical expenses is significant, the plaintiff in this action has only

undergone conservative treatment and incurred medical expenses similar to those in the *Carter* action.

In the Notice of Removal, Defendants argue that "all three Louisiana federal courts have held disc injuries with subsequent injections are sufficient to establish the requisite amount in controversy." (R. Doc. 1 at 5). The decisions relied upon that found that the amount in controversy requirement was satisfied, however, all involved herniated discs (not bulging discs) or are otherwise distinguishable. *See Vasquez v. Johnson*, No. 22-150-SDD-RLB, 2022 WL 1698678, at *2 n.1 (M.D. La. May 3, 2022) (noting that the Court could exercise diversity jurisdiction where the plaintiff acknowledged that the amount in controversy requirement was satisfied and "suffered cervical and lumbar disc herniations), *report and recommendation adopted*, 2022 WL 1695782 (M.D. La. May 26, 2022); *Thibodeaux*, 2016 WL 4055660, at *2 (jurisdictional amount satisfied where the plaintiff suffered a herniated disc, incurred over $30,000 in medical expenses, and offered to settle the claim for $1 million), *report and recommendation adopted*, 2016 WL 4033981; *Brown v. Phoenix Ins. Co.*, No. 20-1792, 2020 WL 4697087, at *2 (E.D. La. Aug. 13, 2020) (jurisdictional amount satisfied where the plaintiff suffered "several disc herniations and bulges in his cervical and lumbar spine for which he has received chiropractic treatments for neck and back pain and undergone two lumbar steroid injections); *Vincent v. SCC Transp. LLC*, No. 21-512, 2022 WL 571868, at *3 (W.D. La. Feb. 8, 2022) (jurisdictional amount satisfied where the plaintiff incurred an epidural steroid injection, was recommended to undergo lumbar facet injection, had undergone hernia surgery, and had incurred over $20,000 in medical expenses), *report and recommendation adopted*, 2022 WL 569170 (W.D. La. Feb. 24, 2022).

Having considered the record in this action, the Court concludes that Defendants have

failed to meet their burden of establishing that the amount in controversy is satisfied.

Accordingly, the action is subject to remand for lack of subject matter jurisdiction.

### B.     Timing of Removal

The Court writes briefly to address the actual issue raised by Plaintiff's Motion to

Remand, *i.e.*, whether the removal was timely. Plaintiff argues that removal was procedurally

defective because it was untimely removed under the 30-day periods for removal provided in 28

U.S.C. § 1446(b). Plaintiff timely raised this procedural defect within 30 days after the filing of

the notice of removal. *See* 28 U.S.C. § 1447(c).

The time limits for filing a notice of removal, which are provided in the removal

procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within 30 days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required
> to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is
> not removable, a notice of removal may be filed within 30 days after receipt by
> the defendant, through service or otherwise, of a copy of an amended pleading,
> motion, order or other paper from which it may first be ascertained that the case is
> one which is or has become removable.

28 U.S.C. § 1446(b).

In the context of determining whether the 30-day period for removal is triggered under

Section 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth

Circuit has provided a bright line rule that "the thirty-day removal period under the first

paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the

11

plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Fifth Circuit rejected "a so-called due-diligence standard . . . to promote efficiency by preventing courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Id.* (citing *Chapman*, 969 F.2d at 163). Instead, **the Fifth Circuit has noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, the plaintiff shall "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount."** *Id.* (quoting *Chapman*, 969 F.2d at 163) (emphasis added).

The Petition did not affirmatively reveal on its face that the jurisdictional amount was satisfied in accordance with the bright line rule set forth in *Mumfrey* and *Chapman*. The Petition is silent on the amount in controversy. Defendants "are not required to conduct an independent investigation for the purpose of determining whether the federal jurisdictional amount is satisfied." *Smith v. Avina*, No. 22-561, 2022 WL 17347792, at *3 (M.D. La. Nov. 10, 2022), *report and recommendation adopted*, 2022 WL 17345770 (M.D. La. Nov. 30, 2022). Accordingly, the initial Petition did not trigger the 30-day period under 28 U.S.C. § 1446(b)(1).

Regarding triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has stated that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading,

12

motion, order, or other paper," as provided in Section 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in Section 1446(b)(1).

Defendants assert that they were unable to know that the case could be removed under 28 U.S.C. § 1446(b)(3) until the February 28, 2023 email indicating continued medical treatment. (R. Doc. 12 at 3). The Court disagrees that the information in either the February 28, 2023 or March 1, 2023 email makes it "unequivocally clear and certain" that the amount in controversy surpasses the $75,000 threshold, and therefore finds that the 30-day time period for removal was not triggered under § 1446(b)(3). The documents indicate over $16,000 in accrued medical expenses treating alleged lumbar disc bulges. (R. Doc. 1-6; R. Doc. 1-7). The email chain discusses future treatment, but does not state that the damages exceed the jurisdictional amount. (*See* R. Doc. 1-8). Accordingly, these documents do not make it "unequivocally clear and certain" that the amount in controversy requirement is satisfied for the purposes of triggering the 30-day period of removal.

Given that neither the 30-day period for removal under 28 U.S.C. § 1446(b)(1) or § 1446(b)(3) were triggered, this action would have been timely if there was diversity jurisdiction. Regardless, a review of the Petition and the documents submitted by the Defendants in support of a finding that the amount in controversy required is satisfied, the Court concludes, as discussed above, that it lacks diversity jurisdiction over this action under 28 U.S.C. § 1332.

**IV.     Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **GRANTED**

on the basis that this Court lacks diversity jurisdiction under 28 U.S.C. § 1332**,** and this action be

**REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on August 16, 2023.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE